NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3332

WILLIAM F. COACH,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

William F. Coach, of Alexandria, Virginia, pro se.

Phyllis Jo. Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3332

WILLIAM F. COACH,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  August 13, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

William F. Coach appeals from the final decision of the Merit Systems Protection Board ("Board") sustaining the decision of the Department of Justice ("the agency") to remove Coach from his position with the Office of Diversion Control, Drug Enforcement Administration ("DEA").  <u>Coach v. Dep't of Justice</u>, DC-0752-05-0798-I-1 (M.S.P.B. May 18, 2006).  Because Coach fails to identify any reversible error, we <u>affirm</u>.

## BACKGROUND

Coach was employed as a mathematical statistician with the DEA.  On May 23, 2005, William J. Walker, Deputy Assistant Administrator, proposed that Coach be removed from his position based on two charges that were asserted against him, <u>viz.</u>,

Failure to Follow Instructions (eight specifications) and Excessive Absence Without Leave (nine specifications). Coach v. Dep't of Justice, DC-0752-05-0798-I-1 (M.S.P.B. Dec. 30, 2005) ("Initial Decision"), at 1-2. Those charges stemmed from Coach's excessive absences from work, which amounted to 303 hours of absence without leave, and his failure to comply with specific instructions that were provided to him regarding procedures for requesting leave. Those instructions were set forth in a memorandum dated May 19, 2004, by Susan Carr, Deputy Chief, Office of Diversion Control, entitled "Requirements for Future Use of Annual and Sick Leave," which were provided to Coach as a result of his frequent unauthorized absences. On August 15, 2005, after considering Coach's written response, the deciding official, Kevin Michael Donnelly, decided to remove Coach from his position. Donnelly noted that Coach had two prior offenses within the last two years, and further found that the evidence fully supported the charges and specifications.

Coach appealed that decision to the Board. The Administrative Judge ("AJ") affirmed the agency's action. In reaching her decision, the AJ considered the record evidence that included, inter alia, Coach's time and attendance sheets, which indicated that he was absent from work on the dates and time periods charged. Id. at 13. The AJ noted that Coach did not dispute any of the charged absences. The record further demonstrated that Coach failed to follow the instructions contained in his leave restriction letter and failed to submit adequate medical documentation in support of his absences. The AJ found that the doctor's notes Coach submitted in support of two of his absences were correctly rejected by the agency because they "did not adequately explain why he was incapacitated and could not report for work." Id. The AJ further

2006-3332

-2-

found that the agency did not improperly deny Coach any leave under the Family Medical Leave Act or otherwise, and that his absences without leave were excessive. Moreover, after considering Coach's serious and repeated attendance problems, the burden Coach's absences placed on the agency's operations, his prior disciplinary record, and the fact that Coach was given notice that "his leave problems would not be tolerated and could result in serious discipline," id. at 18, the AJ concluded that "the agency established that the penalty of removal was within the bounds of reasonableness under these circumstances." Id. As such, the AJ sustained the charges and affirmed the agency's decision of removal.

Coach appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b). Coach timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

In his petition for review, Coach argues that the Board incorrectly decided or failed to take into account facts that he listed in prior statements, but fails to identify

2006-3332

-3-

which facts in particular were allegedly overlooked.[1] Our review of the record, however, indicates that the Board indeed considered the factual assertions contained in Coach's prior statements, but ultimately found them to be insufficient to overturn the charges asserted against him. In her opinion, the AJ discusses Coach's arguments relating to his purported medical conditions and other events leading up to the charges, which Coach believed justified his absences from work. Initial Decision at 12. The AJ found, however, that Coach "failed to submit sufficient medical documentation in support of his absences as was required by the terms of his May 19, 2004 leave restriction letter." Id. at 13. The AJ therefore sustained the charges. We find that substantial evidence exists in the record to support the AJ's conclusion, and as such, Coach fails to establish any reversible error with respect to the Board's fact-findings.

Additionally, in Coach's petition for review, in response to the questions concerning whether the Board applied the wrong law, whether the Board failed to consider important grounds for relief, and whether there are any other reasons why the Board's decision is wrong, Coach responded, without further elaboration: "I don't know." Id. at 2. Given Coach's responses, we conclude that Coach fails to identify any reversible error in the Board's decision. Accordingly, because Coach has not shown that the Board's decision is unsupported by substantial evidence or that the decision is arbitrary, capricious, or otherwise not in accordance with law, we affirm.

---

[1] Neither Coach's informal brief, nor the joint appendix, contain any prior statements from Coach. On July 31, 2007, we ordered the government to provide the court a copy of any prior statement(s) Coach made to the Board regarding any facts that the Board allegedly failed to take into account. On August 2, 2007, the government submitted numerous documents from the administrative record that Coach submitted to the Board. We will construe those documents as the "prior statement[s]" to which Coach refers in his informal brief.

2006-3332